Dunkin, Ch.
delivered the opinion of the Court.
The view taken by the Chancellor in relation to the liabilities of Robert Goode and William B. Bowers, seems to the Court well sustained by the authorities, and the four grounds of appeal from this part of the decree are therefore overruled.
The subject matter of the fifth ground of appeal must be referred for further inquiry. “ The settlement before the Ordinary,” as remarked by the Court in Wright v. Wright, intended as a security for the executor, as well as for the dis-tributees.” The vouchers should be exhibited to the Ordinary, before the account is passed, but they are retained by the executor. “ It ought to appear on the face of the settlement what was the nature of the evidence on which the return was accepted and allowed ; and although the evidence with the Ordinary is not conclusive, per se, in favor of the executor, it ought to be received foi as much as it is worth; and the value must depend on a variety of circumstances; the regularity of the accounts, the death of witnesses, loss of vouchers, and the lapse of time, must all be taken into consideration.” In that case, sixteen years had elapsed since the account was passed, and it was held to be a complete protec* *296 tion, unless the other party could show error or fraud in the transaction, and that the burden of proof was on them. The evidence before us does not enable the Court to determine what are the items of the account which were rejected by the Commissioner, nor at what time the charges were made, or the account passed. The Commissioner will report upon the subjeot in reference to the principles herein indicated.
SN&MeC. R. 524.
And so in relation to the sixth ground of appeal. The Court is notin possession of such evidence as will warrant a final decree. There is no such inflexible rule as that a riding horse may not be regarded as necessary fora minor. Pri-ma facie, perhaps, only boarding and lodging, clothing and education, of some sort, fall strictly within the description of necessaries. In Rainwater v. Durham, it was held by a divided Court, that an action could not be maintained against an infant for the price of a horse sold to him. His contracts generally were not binding, and this did not fall within the exception of necessaries furnished. “ The object of the law,” says the Court, “is to guard the infant against his supposed indiscretion.” But it never has been doubted that a guardian, or other person standing in the place of a guardian, may furnish a minor, from the income of his estate, such articles as are proper for his condition m life. There is no necessity in sueh case that “ the supposed indiscretion of the infant” should be under the protection of the law. The articles are supplied at the discretion of the guardian and subject to the supervision and correction of the Court in passing his accounts. The ground of appeal is that the defendant should have been allowed the sum which he paid for a horse purchased for the minor. We think the Commissioner should have received testimony as to the fortune and condition in life of the minor, or any other circumstances shewing the propriety of the charge, and that the result should depend on the effect of such testimony.
It is ordered and decreed that the deeree of the Circuit Court be modified according to the principles herein stated.
Johnston, Ch. Caldwell, Ch. and Dargan, Ch. con-icurred.

Decree modified.